**Bobby EWING, Petitioner,**

v.

**David McKUNE, et al., Respondents.**

**No. 97–3030–DES.**

United States District Court,
D. Kansas.

Feb. 7, 2000.

Susan M. Hunt, Kansas City, MO, Adam M. Crane, Overland Park, KS, for Bobby Ewing, petitioner.

Jared S. Maag, Office of Attorney General, Topeka, KS, for David R. McKune, respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner challenges the legality of his conviction of first-degree murder. The petitioner alleges that the trial court improperly allowed the prosecution to introduce statements he made at the time of his arrest. Both parties have submitted briefs on this issue and the court is ready to rule.

## I. BACKGROUND

The petitioner was charged with aggravated battery in connection with the shooting of Charles Wayne and first degree murder, either with premeditation or in the commission of a felony, for the shooting death of Johnella Guinn. The petitioner was found guilty by a jury of both charges and sentenced to sixty-six months on the aggravated battery charge and life on the felony murder charge. The trial judge ordered the two sentences to run consecutively.

On February 7, 1993, the petitioner's ex-wife, Evelyn Wayne, and her new husband, Charles Wayne, went to her parents' house for dinner. Evelyn Wayne's parents lived next door to the petitioner. The petitioner telephoned Ms. Wayne while she was at her parents' house and spoke to her about picking up some supplies he had left in her house. During this conversation, he requested to speak with Charles Wayne and apologize for some prior incidents. Ms. Wayne told him that an apology was not necessary.

Later that evening, Charles and Evelyn Wayne exited her parents' house to return home. Mr. Wayne helped his wife into the passenger side of the car and then went around to the driver's side. Mr. Wayne sat down in the driver's seat but had not yet closed the door when the petitioner approached the car. As he was getting into the car, Mr. Wayne testified that he heard Misty Ewing, who was the daughter of the petitioner and Evelyn Wayne, holler "Daddy don't, daddy don't." The petitioner had a gun in his possession as he approached the car. The petitioner fired two or three shots into the car striking Mr. Wayne in the legs. The petitioner's daughter then ran up to the petitioner and they struggled over the gun. The gun discharged and struck Evelyn Wayne's sister, Johnella Guinn. Ms. Guinn died as a result of the gunshot wound.

Following the shootings, the petitioner went back into his house. The police responded to the scene and saw Ms. Guinn laying on the ground. Someone in the crowd that had gathered stated that the shooter was next door and his name was Ewing. The officer went next door to investigate and attempt to locate the shooter. The officer saw two men leave the house and testified that he did not know either of the men. The officer pointed his gun at the two men and ordered them to stop. The officer asked the two men who had shot the victim. One of the men pointed to the petitioner and the petitioner stated "I shot the bitch."

At trial, the petitioner raised defenses to both of the charges. He claimed that the shooting of Mr. Wayne was in self-defense. In defense of the murder charge for the shooting of Ms. Guinn, the petitioner claimed that the gun went off accidently as he struggled over it with his daughter. The petitioner sought to have the statement "I shot the bitch" excluded from trial because it was taken in violation of his *Miranda* rights. The trial court refused to exclude the statement holding that the petitioner was not in custody at the time the statement was made. The defendant was convicted on both charges.

Additional facts will be discussed below, when needed.

## II. STANDARD OF REVIEW

A petitioner is entitled to federal habeas corpus relief on claims adjudicated on the merits in a state court proceeding only if he establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 28 U.S.C. 2254(d)(1) and (2). These standards, imposed by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), increase the degree of deference afforded to state court decisions. *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir.1997).

The Tenth Circuit has applied these standards without need to define them beyond their precise statutory wording. Likewise, the court finds the present case can be decided without a more exacting interpretation of the statute. Under any of the deferential standards announced by the Circuit Courts, petitioner is not entitled to relief on any of his claims. *See Smallwood v. Gibson*, 191 F.3d 1257, 1265, n. 2 (10th Cir.1999) (declining to adopt a specific interpretation of § 2254(d)(1) where result would not be altered under any of the varying standards and noting that the Supreme Court granted certiorari to review the Fourth Circuit's interpretation of these standards (*See Williams v. Taylor*, —— U.S. ——, 119 S.Ct. 1355, 143 L.Ed.2d 516 (1999))).

## III. ANALYSIS

The petitioner's claim in this petition is that the trial court erred in admitting the statement made to the officer at the crime scene before he was given his *Miranda* rights. The respondent agrees that the statement made by the petitioner in response to the officer's question was obtained in violation of the petitioner's *Miranda* rights and should have been excluded at the defendant's trial. However, the respondent claims that the admission of the statement was harmless error and

should not result in setting aside the petitioner's conviction.

■ The court agrees that the statements made by the petitioner should have been excluded at his criminal trial. The petitioner was clearly in custody of the officer—having been ordered to stop at gunpoint. It is equally clear that the petitioner was not given his *Miranda* warnings before being questioned. However, if the inclusion of the petitioner's statement was harmless error, then the petitioner is not entitled to any relief in this case.

■ Statements made to the police in violation of the petitioner's rights under *Miranda* are subject to harmless error analysis. *Brecht v. Abrahamson*, 507 U.S. 619, 629, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In determining whether the error was harmless, the court must determine whether the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 638, 113 S.Ct. 1710. The court finds that the admission of the statement was harmless error.

■ The petitioner has never denied that he was the person who shot Ms. Guinn. However, he claimed that the shooting was an accident caused by his struggling over the gun with his daughter. The respondent claims that because the identity of the shooter in this case was not at issue, the petitioner's statement that "I shot the bitch" played no role in the outcome of the case. The petitioner claims that this statement was used for more than just identifying who the shooter was. The petitioner claims that the prosecution used the statement to show an intent on his part, which would refute the defense of an accidental shooting.

The court finds that the statements made by the petitioner did not have "substantial injurious effect or influence" on the jury in this case. It is apparent from the record that the defendant was given full opportunity to present his defense of an accidental shooting at trial. Although his statements may have some negative

impact on his claim, any such impact would have been minor.

The court also finds that the fact that the petitioner was convicted of felony murder, as opposed to premeditated first degree murder, is extremely important in this case. Under the Kansas felony murder statute, the government was only required to prove that the petitioner killed Ms. Guinn "in the commission of, attempt to commit, or flight from an inherently dangerous felony...." Kan.Stat.Ann. § 21–3401(b) (1995). The aggravated battery charge dealing with the shooting of Mr. Wayne provided the underlying inherently dangerous felony necessary for a conviction of felony murder. *See* Kan.Stat.Ann. § 21–3436(b)(6) (1995). There is no requirement of intent or motive to convict a person of felony murder. In fact, "the ostensible purpose of the felony-murder doctrine is to deter those engaged in dangerous felonies from killing negligently or **accidently.**" *State v. Wakefield,* 267 Kan. 116, 977 P.2d 941, 956 (1999) (emphasis added). *See also State v. Kaesontae,* 260 Kan. 386, 920 P.2d 959 (1996) (affirming a conviction for felony murder when the victim was accidently shot following struggle over the defendant's gun).

It is clear from these cases that the petitioner's arguments do not provide a basis for overturning his conviction. The petitioner claims that his choice of words was used by the prosecutor to show intent and to refute his claim that the shooting was an accident. However, it is clear from the law cited above, the jury could convict the petitioner even if they believed his story that the shooting was an accident. The jury found that the defendant had engaged in an inherently dangerous felony when they convicted him of aggravated battery. Although the defendant contested the charge at trial, he has not attacked that conviction here. All the state was required to prove in order to sustain a conviction of felony murder was that the petitioner killed a person in a manner which was closely tied to the commission of the inherently dangerous felony. The fact that the shooting may have been done

accidently rather than intentionally makes no difference. Therefore, the court finds that the admission of the defendant's statement made prior to being informed of his *Miranda* rights constituted harmless error.

## IV. CONCLUSION

The court finds that the petitioner is not entitled to any relief in this case. Although the admission of his statement to the police was a violation of his constitutional rights, the admission constituted harmless error. Any effect the admission of the statement may have had would have been slight, and certainly would not have had a "substantial and injurious effect or influence in determining the jury's verdict." This is especially true given the law surrounding the crime for which the defendant was convicted—felony murder.

**IT IS THEREFORE BY THIS COURT ORDERED** that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is denied.